SCHEINDLIN

*11737*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GLOBAL LOGISTICS GROUP LTD.,

                    Plaintiff,

- against -

YONG HE SHIPPING (HK) LTD.,
AEGEAN CARRIERS S.A.,
SOUTH AEGEAN SHIPPING S.A.,
PROSPER SHIPPING LIMITED &
GLOBAL OCEANIC CHARTERING LTD.,

                    Defendants.
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/08
Case No. 07 CIV 10654

(Judge Scheindlin)

**AMENDED *EX PARTE* ORDER
AUTHORIZING PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT**

RECEIVED
CHAMBERS OF

FEB 0 7 2008

JUDGE SCHEINDLIN

    **WHEREAS**, on February 6, 2008, Plaintiff, GLOBAL LOGISTICS GROUP LTD., filed its Verified Second Amended Complaint against Defendants, YONG HE SHIPPING (HK) LTD., AEGEAN CARRIERS S.A., SOUTH AEGEAN SHIPPING S.A., PROSPER SHIPPING LIMITED & GLOBAL OCEANIC CHARTERING LTD., alleging damages in the amount of **$830,409.89** (Eight Hundred Thirty Thousand Four Hundred- Nine Dollars and eighty-nine cents), together with interest and costs, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and

    **WHEREAS,** the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendants' property within this District,

NOW, THEREFORE, after review of the Verified Complaint and proposed Process of Maritime Attachment and Garnishment, and the Court finding that the conditions set forth in Supplemental Rule B appear to exist, it is

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue to the garnishees named in the Schedule A hereto, against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including, but not limited to electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendants whether to or from the garnishees or any other electronic fund transfers, in an amount of up to **$830,409.89,** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further,

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing as provided by Local Admiralty and Maritime Rule E (1), at which time Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED,** that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and, it is further,

**ORDERED,** that following initial service by the United States Marshal or other

designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of email or facsimile transmission to each garnishee; and, it is further,

**ORDERED**, that service on any garnishee is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; and, it is further,

**ORDERED**, that any garnishee may consent to accept service by any other means, including facsimile and e-mail; and, it is further,

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further

**ORDERED**, that pursuant to Rule 4 (c) (1), Federal Rules of Civil Procedure, this *Ex Parte* Order of Maritime Attachment and Garnishment and a copy of the Verified Complaint may also be served on the garnishees identified in this garnishment Order, and such additional garnishees as so permitted herein, by one of the following appointees: Samuel Clarke, or any other person at least the age of 18 years and not a party to this action, appointed by Junge & Mele, LLP, attorneys for Plaintiff.

Dated in the City of New York on February 6, 2008

SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

3

## SCHEDULE A

1. Bank of China
2. HSBC (USA) Bank
3. Bank of New York Mellon
4. Barclay's Bank
5. JPMorgan Chase Bank
6. Wachovia Bank
7. Bank of America, N.A.
8. American Express Bank
9. Citibank, N.A.
10. Standard Chartered Bank
11. UBS, A.G.
12. BNP Paribas
13. Calyon Bank
14. Bank of Commerce
15. Deutsche Bank